BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York 11501
(516) 877-2225
Our Ref. : 07-F-047-JK, 07-F-055-JK & 07-F-056-JK

07 CV 10539
JUDGE KAPLAN



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

ST. PAUL FIRE & MARINE INSURANCE COMPANY
a/s/o Mitsubishi Digital Electronics America, Inc.,      07 Civ.     (     )

                    Plaintiff,      COMPLAINT

    - against -

UNITED EXPRESS CONTAINER LINE LIMITED,

                    Defendant.

------------------------------------------------------------------x

        Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY, by their attorneys, Badiak & Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

        1. All and singular the following premises are true and constitute an admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2. Plaintiff, St. Paul Fire & Marine Insurance Company (hereinafter referred to as "St. Paul"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the State of Minnesota and provided all-risk cargo insurance for

the subject shipments hereinafter described, and maintained an office and place of business at 485 Lexington Avenue, Suite 500, New York, New York, 10017.

3. Plaintiff St. Paul has paid the consignees and owners of the shipments mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The shippers and consignees hereinafter mentioned have performed all conditions required on their part to be performed with respect to the subject shipment.

4. Defendant, UNITED EXPRESS CONTAINER LINE LIMITED (hereinafter "UECL"), is and was a corporation organized and existing under and by virtue of the laws of a foreign state with an office and place of business c/o United Express Holding Co. Ltd., Unit 206, 2/F Kerry Cargo Centre, 55 Wing Kei Road, Kwai Chung, N.T. Hong Kong, and c/o Masterpiece International, 167-10 South Conduit Avenue, #101, Jamaica, New York 11434, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. APL VIETNAM and the M.V. HYUNDAI GLORY as general vessels engaged in the common carriage of merchandise by water for hire between, among others, the ports of Hong Kong, Peoples Republic of China, and New York, New York.

## AS AND FOR ITS FIRST CAUSE OF ACTION

5. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "4.", inclusive, as if set forth at length herein.

6. On or before December 13, 2006, there was shipped by Premier Image Technology Corporation, as shipper, and delivered to UECL and the M.V. APL VIETNAM, at Hong Kong, China, as common carriers, a shipment consisting of 150 cartons of projectors, said cargo then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Mitsubishi Digital Electronics America, Inc., the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant UECL numbered HKG-NYC003797, dated on or about December 13, 2006.

5. Thereafter the defendant made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

6. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $4,543.00.

## AS AND FOR ITS SECOND CAUSE OF ACTION

7. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "6.", inclusive, as if set forth at length herein.

8. On or before December 19, 2006, there was shipped by Premier Image Technology Corporation, as shipper, and delivered to UECL and the M.V. HYUNDAI GLORY at Hong Kong, China, as common carriers, a shipment consisting of 200 cartons of projectors, said cargo then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Mitsubishi Digital Electronics America, Inc., the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant UECL numbered HKG-NYC003837, dated on or about December 19, 2006.

9. Thereafter the defendant made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

10. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $4,543.00.

## AS AND FOR ITS THIRD CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1." through "10.", inclusive, as if set forth at length herein.

12. On or before October 24, 2006, there was shipped by Premier Image Technology Corporation, as shipper, and delivered to UECL and the M.V. HYUNDAI GLORY at Hong Kong, China, as common carriers, a shipment consisting of 300 cartons of projectors, said cargo then being in good order and condition, and defendant then and there accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to New York, New York, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Mitsubishi Digital Electronics America, Inc., the consignee and the plaintiff's assured, all in accordance with a bill of lading issued by or on behalf of the aforementioned vessel and defendant UECL numbered HKG-NYC002957, dated on or about October 24, 2006.

13. Thereafter the defendant made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with serious damage, shortage and impaired in value, all in violation of the defendant's obligations and duties as a common carrier of merchandise by water for hire.

14. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $7,227.00.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of their property within this District be attached in the sum of $16,313.00, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff against defendant on all three causes of action for the amount of plaintiff's damages, together with interest and costs and the disbursements of this action; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:   New York, New York
         November 20, 2007

                                        BADIAK & WILL, LLP
                                        Attorneys for Plaintiff,
                                        St. Paul Fire & Marine Insurance Co.

                                        By: _____
                                            JAMES P. KRAUZLIS (JK-4972)